IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02367-BNB

WILLIAM ALLEN MILLER,
    Plaintiff,

v.

H. J. MARBERRY, (Warden),
ROGERS, (Correctional Officer), and
HADDIX, (Nurse),
    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 3 2011

GREGORY C. LANGHAM
                         CLERK

ORDER TRANSFERRING CASE

    Plaintiff, William Allen Miller, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary at Florence, Colorado. Mr. Miller has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution were violated while he was incarcerated at the United States Penitentiary at Terre Haute, Indiana ("USP Terre Haute"). Mr. Miller alleges that all of the named Defendants are prison officials at USP Terre Haute.

    The Court must construe the Prisoner Complaint liberally because Mr. Miller is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Construing the Prisoner Complaint liberally, it is apparent that the Court lacks personal jurisdiction over the named Defendants and that venue is not proper in the District of Colorado.

    "A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the

interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Pursuant to § 1631, if the Court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."

As noted above, Mr. Miller claims his constitutional rights were violated while he was incarcerated at USP Terre Haute, and he alleges the named Defendants are prison officials at USP Terre Haute. Therefore, the Court finds that this action could, and should, have been brought in the United States District Court for the Southern District of Indiana, the judicial district in which USP Terre Haute is located. *See* 28 U.S.C. § 94(b). The Court also finds that it would be in the interest of justice to transfer this case to the Southern District of Indiana rather than to dismiss it. Accordingly, it is

ORDERED that the clerk of the Court transfer this action to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1406(a) and 1631.

DATED at Denver, Colorado, this  3rd  day of  October , 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02367-BNB

William Allen Miller
Reg. No. 77436-012
USP Florence - High
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 3, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk